**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1406**

———————

L. MERIWETHER GERMAN,

Plaintiff - Appellant,

versus

STEVE FOX; JOHN SHAFFER; ALISA BAILEY;
SHENANDOAH VALLEY TRAVEL ASSOCIATION,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg. Glen E. Conrad, District
Judge. (5:06-cv-00119-gec)

———————

Argued: December 4, 2007                Decided: January 23, 2008

———————

Before MOTZ and DUNCAN, Circuit Judges, and Leonie M. BRINKEMA,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** William Reilly Marchant, MARCHANT, HONEY & BALDWIN, L.L.P.,
Richmond, Virginia, for Appellant.   Thomas G. Bell, Jr.,
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, Virginia; Robert
A. Dybing, THOMPSON & MCMULLAN, Richmond, Virginia, for Appellees.
**ON BRIEF:** William R. Baldwin, III, MARCHANT, HONEY & BALDWIN,
L.L.P., Richmond, Virginia, for Appellant.   James Van Ingold,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meriwether German ("German") filed this complaint under 42 U.S.C. § 1983 against his former employer, the Shenandoah Valley Travel Association (the "SVTA"); Steve Fox ("Fox"), employee of Luray Caverns and the current SVTA President; John Shaffer ("Shaffer"), Marketing and Public Relations Director of Luray Caverns and direct supervisor to Fox at Luray Caverns; and Alisa Bailey, President and Chief Executive Officer of the Virginia Tourism Corporation ("VTC"), a state agency (together "Appellees"). German alleges that his employment with the SVTA was terminated at the behest of Bailey, a state official, in retaliation for his exercising his First Amendment right to free speech. The district court granted the Appellees' Rule 12(b)(6) motion to dismiss. See Fed. R. Civ. P. 12(b)(6). Relying on Garcetti v. Ceballos, 126 S. Ct. 1951 (2006), the district court concluded that German's emails were not protected by the First Amendment since the emails were sent pursuant to his official duties as the Director of Public Relations and Membership for the SVTA, and not in his capacity as a private citizen. This appeal followed and we affirm, albeit on different grounds.

I.

The SVTA is a private, non-profit organization that promotes tourism in certain counties in Virginia and West Virginia. In his

3

former role as the SVTA's Director of Public Relations and Membership, German was responsible for soliciting new members, communicating with the media, including issuing news releases, and working with state and local officials. J.A. 9. In response to SVTA-member complaints about the temporary relocation of an Interstate 81 welcome center, German sent a series of emails, the first to a Virginia State Senator, followed by three emails to VTC President Bailey and a Virginia Department of Transportation ("VDOT") employee. German sent each email from his work email address, signed his name, and included the SVTA signature block. The emails generally expressed SVTA-member concerns regarding the temporary welcome center.

Approximately two months after German sent his initial email to the senator voicing the SVTA member complaints, and while German was on vacation, SVTA President Fox expressed to others at the SVTA "that there were 'issues' regarding German's sending of the emails" and that "certain people were upset." J.A. 14. Fox asked German about the content of his emails and German faxed him copies. Two days later, German was terminated from his position with the SVTA because of complaints raised regarding German's emails.

In his complaint, German alleges that Bailey became upset by the scrutiny that VTC was receiving about the temporary welcome center and that she "directed and/or encouraged Shaffer to take action to get German to back off and to stop bringing attention" to

4

the issue. J.A. 15. German further alleges that Shaffer then contacted Fox and directed him to reprimand German for sending the emails regarding the temporary welcome center, "even if that required Fox, on behalf of [the] SVTA, to fire German." J.A. 16. At bottom, German believes that Bailey, a state employee, coerced her co-appellees, all of whom are private actors, to terminate or bring about the termination of his employment. See J.A. 17. Because German's termination was based on the four emails he sent to state officials, German alleges that he was terminated in retaliation for exercising his First Amendment right to free speech.

Appellees moved to dismiss German's complaint. Bailey's motion asserted that she was immune from such a suit and, alternatively, as a private-sector employee, German failed to state a § 1983 claim. Shaffer, Fox and the SVTA similarly moved for dismissal on the grounds that German failed to state a § 1983 claim because, as a private sector employer, the SVTA's conduct did not constitute state action, and that German's emails should receive no First Amendment protection since they were sent pursuant to his official job duties.

The district court granted Appellees' motion to dismiss under Rule 12(b)(6), concluding that Appellant's emails were not protected by the First Amendment as they were sent as part of his official duties as the Director of Public Relations and Membership

5

for the SVTA.  To establish a violation of the First Amendment, however, German must first show that the state was responsible for the termination of his employment.  Hudgens v. NLRB, 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.")  Therefore, we focus our inquiry on whether German's termination can be fairly attributed to state action, and ultimately affirm on those grounds.

II.

We review de novo a district court's dismissal under Rule 12(b)(6).  See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  We will only "affirm the dismissal of the complaint if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 249-50 (1989) (quoting Hison v. King & Spaulding, 467 U.S. 69, 73 (1984)).  Such allegations, however, "require[] more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  With that in mind, a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in

6

original)(quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal</u> <u>Practice and Procedure</u> § 1216, at 235-36 (3d ed. 2004)).

In the present appeal, we must determine whether German's termination is attributable to the SVTA acting as a private entity or whether it was for all practical purposes a decision of the state, which the SVTA merely carried out. As "[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint," <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999), the focus of our inquiry is "whether the [A]ppellees' actions <u>as</u> <u>alleged in the complaint</u> can fairly be seen as state action," <u>Adams v. Bain</u>, 697 F.2d 1213, 1217 (4th Cir. 1982).

This court has defined various circumstances in which private action may be deemed that of the state.[*] Here, German relies on <u>Blum v. Yaretsky</u>, 457 U.S. 991 (1982), to support his allegation of state involvement in his termination. Under <u>Blum</u>, we look for a "sufficiently close nexus" between the State and the challenged action such that "the latter may be fairly treated as that of the State itself." <u>Id.</u> at 1004;(quoting <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 350-51 (1974). The determination of whether such a

---

[*]<u>See, e.g.</u>, <u>Andrews v. Fed. Home Loan Bank</u>, 998 F.2d 214, 217 (4th Cir. 1993) (holding that a private party may be deemed a state actor for purpose of § 1983 liability when: the state has coerced the private actor; the state has sought to evade a clear constitutional duty through delegation to a private actor; the state has delegated a traditionally and exclusively public function to a private actor; or the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.); <u>see</u> <u>also</u> <u>DeBauche v. Trani</u>, 191 F.3d 499, 507 (4th Cir. 1999)(same).

close nexus exists, in turn, "depends on whether the State 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (quoting Blum, 457 U.S. at 1004). The inquiry then, is whether the state actor either effectively controls or practically usurps the decision making process behind the challenged action.

With that background in mind we turn to the allegations before us. German specifically alleges that Bailey coerced and/or compelled Fox and the SVTA to terminate his employment. However, this is a legal conclusion that we are not bound to accept for purposes of determining the sufficiency of the complaint under Rule 12(b)(6). See E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). We necessarily examine, therefore, the underlying facts German alleges in support of this conclusion to determine whether such facts are sufficient to support a finding of state action under a coercion theory.

German asserts that the scrutiny and attention Bailey and her department received as a result of German's emails "caused Bailey to be very upset and angry with German and to blame him . . . ." J.A. 15. German also asserts that Bailey "directed and/or encouraged Shaffer to take action to get German to back off and to stop bringing attention and scrutiny to these issues . . ." Id.

8

(emphasis added).  He further alleges that "Bailey and Shaffer maintain a close professional relationship" and that "[i]t was vitally important for Luray Caverns to maintain a good relationship with VTC . . . as VTC has direct input and influence on issues significantly affecting Luray Cavern's business."  Id.  At bottom, German contends that "as a direct and proximate result of Bailey's contact, direction and encouragement to Shaffer . . . , Shaffer contacted his subordinate employee . . . Steve Fox, and directed Fox as President of SVTA to get German to back off and to stop bringing so much attention and scrutiny to the . . .issue, and to reprimand German for his exercise of speech as set out in the emails, even if that required Fox on behalf of SVTA, to fire German."  J.A. 16.

German's factual allegations are insufficient as a matter of law to undergird his theory of state coercion for a number of reasons.  First, when the state has coerced a private party to commit an act that would be unconstitutional if done by the state, it means that the state has ordered specific conduct.  See Andrews, 998 F.2d at 217.  This is to say that "[t]he presumption in favor of respecting the private choice of individuals is dissolved by the force of state command."  Id.  The facts here, even if taken as true, do not allege either that Bailey ordered specific conduct-- for German to be fired--or that Shaffer and Fox had no choice in the matter because of the pressure exerted by Bailey.  There is no

9

indication that Bailey wanted or expected German to be fired.  The most we can infer from German's allegations is that Bailey was upset with German's emails and wanted him to "back off."  J.A. 16. Even assuming that German could prove that Shaffer directed Fox to reprimand or to fire German, German's termination cannot be fairly attributed to the state where the state did not order such a result.

Nor is the alleged "close professional relationship," J.A. 15, between Bailey and Shaffer dispositive.  German alleges that "VTC has direct input and influence on issues significantly affecting Luray Cavern's business," id., presumably to suggest that Bailey's position at VTC enabled her to exert such control over Shaffer that "the choice [to fire German] must in law be deemed to be that of the State.  Blum, 457 U.S. at 1004.  However, precedent dictates that even where a private entity is heavily regulated by the state or receives funding from the state, such interdependence does not necessarily stamp all of the actions of the private entity with the state imprimatur.  See id.; Jackson, 419 U.S. at 350.  Similarly, this court has held that "a private party's dependence upon the State for assistance, even if substantial, does not transform its actions into actions of the state."  Mentavlos v. Anderson, 249 F.3d 301, 319 (4th Cir. 2001).  Therefore, it is hardly a stretch to conclude that the "degree of involvement [German alleges] is too

10

slim a basis on which to predicate a finding of state action." Blum, 457 U.S. at 1010.

Finally, German undercuts his own allegations of state action by asserting in the complaint that "[t]he actions of Fox and the SVTA in firing German from his employment were undertaken knowingly and voluntarily and in complicity with the expressed desires and actions of Bailey and Shaffer." J.A. 16. Bailey cannot be thought to have commanded or even controlled Fox's conduct "to such an extent that [Fox's] conduct amounted to a surrogacy for state action," where Fox and the SVTA knowingly and voluntarily acted and where Bailey did not command the particular result. DeBauche, 191 F.3d at 508 (4th Cir. 1999).

## III.

Because we find that German has failed to allege sufficient facts, that if true, would support a finding of state action, the judgment of the district court is

AFFIRMED.