McCALLA, Chief District Judge,
concurring.
The majority correctly determined that Paige’s complaint alleged sufficient facts that satisfy the three elements required to establish a § 1983 retaliation claim. See Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir.1998). Additionally, the majority correctly concluded that Paige properly alleged that she was deprived of a right “secured by the Constitution or laws of the United States” and that the deprivation was committed by an individual acting “under the color of state law.” See Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir.1992). Thus, I concur in the judgment of the majority opinion. I write separately because I believe that Plaintiff satisfied the under-color-of-state-law requirement by meeting the state compulsion test from Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).
*286 The Supreme Court has stated that “[l]ike the state-action requirement of the Fourteenth Amendment, the under-eolorof-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.” Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (quoting Blum, 457 U.S. at 1002, 102 S.Ct. 2777) (internal quotations omitted). “The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.” Blum, 457 U.S. at 1004, 102 S.Ct. 2777. The majority determined that it was not necessary to undertake a Blum analysis because it found that Coyner’s phone call to her employer, by itself, was sufficient state action to satisfy the under-color-of-state-law element of Paige’s § 1983 claim.
I would agree with the majority’s conclusion regarding the application of Blum had Paige not sought damages for her loss of employment. “Faithful adherence to the ‘state action’ requirement ... requires careful attention to the gravamen of the plaintiffs complaint.” See Blum, 457 U.S. at 1003, 102 S.Ct. 2777. In her complaint, Plaintiff specifically seeks damages that directly and proximately resulted from her loss of employment. It is undisputed that Plaintiff was ultimately terminated by Bunnell Hill, her private employer. Thus, Paige is seeking to hold state actors liable for the actions of a private employer. See Blum, 457 U.S. at 1003, 102 S.Ct. 2777 (“The importance of [the state action requirement] is evident when, as in this case, the complaining party seeks to hold the State liable for the actions of private parties.”). Although Bunnell Hill’s intervening act of terminating Paige’s employment does not relieve Defendants of liability for her § 1983 retaliation claim, Paige must nonetheless undertake a Blum analysis to determine if her alleged injury is properly attributable to Defendants state actors.
A finding that Blum applies to the instant case does not end the inquiry. Paige must still demonstrate that she pled facts sufficient to support a finding of state action under the Blum state compulsion test. The state compulsion test requires that a state actor has “exercised such coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State.” Blum, 457 U.S. at 1004, 102 S.Ct. 2777. The district court, in granting Defendants’ motion to dismiss, relied on German v. Fox, 267 Fed.Appx. 231 (4th Cir.2008). In German, the Fourth Circuit held that “when the state has coerced a private party to commit an act that would be unconstitutional if done by the state, it means that the state has ordered specific conduct.” Id. at 234 (citing Andrews v. Fed. Home Loan Bank, 998 F.2d 214, 217 (4th Cir.1993)). Because Paige did not allege that Coyner directly ordered Plaintiffs termination or otherwise threaten the Port Authority’s relationship with Bunnell Hill, the district court found that the allegations in Paige’s complaint were not sufficient the meet the state compulsion test.
Neither Blum nor Sixth Circuit precedent requires that the state actor’s conduct rise to the level of a direct order. Rather, the state compulsion test requires only that the state exercise “such coercive power or provide such significant encouragement, either over or covert, that in law the choice of the private actor is deemed to be that of the state.” Wolotsky, 960 F.2d at 1335 (citing, inter alia, Blum, 457 U.S. at 1004, 102 S.Ct. 2777). In her complaint, Plaintiff alleged that Bunnell Hill had a “close working relationship with key Warren County Officials ... that it did not want to jeopardize.” Paige also alleged *287 that Coyner’s retaliatory phone call to Bunnell Hill sought clarification of Bunnell Hill’s “commitment to development in the region.” Taking these allegations as true, I would find that Coyner exercised sufficient coercive power upon Bunnell Hill to trigger state actor status under the state compulsion test.